IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEALTHPLEX ASSOCIATES, INC., a Pennsylvania Corporation, | ) ) ) | Case No. 4:06-cv-3284 |
| Plaintiff, | ) ) | |
| v. | ) ) | AGREED PROTECTIVE ORDER |
| MADONNA REHABILITATION HOSPITAL, a Nebraska Nonprofit Corporation, | ) ) ) | |
| Defendant. | ) | |

Healthplex Associates, Inc. ("Healthplex"), plaintiff, and Madonna Rehabilitation Hospital ("Madonna"), , pursuant to Rule 26(c) and Rule 29 of the Federal Rules of Civil Procedure, and stipulate as follows:

1.  The parties stipulate and agree that: (i) certain documents, information and things which will be produced during discovery; (ii) evidence which will be adduced prior to the time of trial and portions of testimony to be taken (whether at deposition, or hearing); (iii) pleadings, affidavits, briefs, motions, transcripts and other writings which are or may be filed; and (iv) various other matters which include, but are not limited to, information which any party may deem confidential, contain trade secrets or include information sensitive to the

0799131.1

parties' business and/or affairs shall be entitled to protection against disclosure pursuant to this Protective Order.

2. This Protective Order shall be without prejudice to the right of any of the parties of this action: (i) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not confidential as defined in Paragraph 1 of this Protective Order; (ii) to seek a further protective order; (iii) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (iv) by application and notice, to seek relief from any provision of this Protective Order on any ground. During the pendency of any challenge to the applicability of this Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order. The party claiming information is confidential shall bear the burden of proving the information is entitled to protection in the event of a dispute.

3. If a party determines that a document or thing of any description to be furnished, produced, or made a part of any pleadings or papers to be filed, or any briefs, testimony, affidavits and/or evidence to be offered, contains or may contain information which that party believes to be proprietary or confidential pursuant to Paragraph 1 of this Protective Order, the party requesting protection shall designate such document, testimony or affidavit as "Confidential" in the following manner:

    a.    The party seeking protection shall affix to the documents, by stamp or otherwise, a statement that the material is "Confidential." The party producing the confidential documents shall provide a written list identifying the confidential documents upon written request of the opposing parties;

    b.    In the case of pleadings or other papers or writings, by advising the other party in writing of the portions deemed to be confidential;

    c.    In the case of transcribed hearings, transcribed files, deposition testimony or affidavit, by advising the other party in writing of the witness whose testimony is deemed to be confidential. Designation may also be made orally by counsel during deposition.

4.    Documents, things, testimony, pleadings, various matters and information designated as confidential by any party to this action:

    a.    Shall be used only for the purpose of this litigation, as otherwise agreed to by the parties, or as ordered by any court or required by law, and may not be used or disclosed for any other purpose;

    b.    Except as provided in paragraph 4(a) shall not be disclosed to anyone other than the Court, the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, any in-house counsel, court reporters who record deposition or other testimony, witnesses, deponents, consultants or experts; and

    c.    If any party, attorney or individual shall disclose confidential material(s) or information to a consultant, expert witness, or non-party witness, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and obtain a signed agreement whereby such person agrees to be bound by the terms of this Protective Order.  A copy of each executed confidentiality agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, shall produce the same to counsel for the non-disclosing party.  If any party discloses confidential material(s) or information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and obtain a signed confidentiality agreement whereby the non-trial expert agrees to be bound by the terms of this Protective Order.  Although a copy of each executed confidentiality agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed confidentiality agreement shall be produced to the non-disclosing party only upon court order.

    5.    If any documents which have been disclosed and designated as "Confidential" by any party to this Protective Order shall be filed with the Court, and electronic access to this information is to be limited to the parties of record

and court users, such Confidential documents shall be electronically filed as "restricted access" documents. Confidential documents may be filed as a restricted access filing without further order of Court. Nothing in this paragraph limits the court's discretion and ability to lift the restricted filing status of a pleading or document, strike it, or order the filing party to place a redacted copy of the pleading or document on the public docket.

In the event a party believes Confidential documents should be filed under seal, with electronic access available only to court users, counsel shall electronically file the documents under seal, along with a motion requesting that the documents remain filed under seal, and shall submit a proposed sealing order to the undersigned designating specifically the documents involved.

6.    Concerning Healthplex's request for production of e-mail records of current and former Madonna employees, the parties specifically agree as follows:

    a.    Because of the volume of e-mail messages and attachments and the difficulty in separating relevant and non-relevant messages, the parties have agreed that Madonna will produce all e-mail messages for each employee for the relevant time period, subject to a prior review by Madonna's counsel for communications which are subject to the attorney-client or work product privilege.

    b.    Counsel for Madonna will make a good faith effort to identify and withhold communications which are subject to the attorney-client or work product privilege. Failure to withhold a document shall not be

    deemed to waive a privilege claim as to that or any other document and shall be treated as an inadvertent disclosure under paragraphs 11 through 14 of this Protective Order.

c. Some e-mail messages and attachments produced in accordance with this paragraph may contain protected health information concerning patients at Madonna. In accordance with the Health Insurance Portability and Accountability Act ("HIPAA") Privacy Regulations, 45 CFR §164.512(e), the parties agree that it is necessary for the Court to enter an order allowing Madonna to produce the e-mail records which contain such information to allow inspection by Healthplex's counsel to identify documents relevant to this proceeding. These e-mail records and any patient information which they contain are confidential under the HIPAA Privacy Regulations and, therefore, the disclosure will be conducted pursuant to the terms, restrictions and conditions as set forth in this Protective Order. Any e-mail messages and related documents which are included in this production which contain patient information shall be disclosed to counsel for Healthplex solely for the purpose of allowing counsel to identify relevant documents and shall not be disclosed to any other person. At the conclusion of this action, counsel will provide satisfactory assurances that all copies have been destroyed.

-7-

      d.      Prior to providing copies of any e-mail messages or attachments produced pursuant to this paragraph to Healthplex representatives or any third parties, Healthplex counsel shall provide Madonna counsel with copies of such e-mail messages and attachments to allow Madonna counsel to assert any objections, based on issues of attorney-client privilege, work product privilege, or confidentiality of patient records.

    7.    This Protective Order may be modified by the Court at any time on its own motion.  The Court may also impose sanctions or find in contempt any party or person bound by this Protective Order found in violation of the terms of this Protective Order.

    8.    After the final determination of this action, upon request, each party to the litigation shall assemble and return to the producing party or parties the originals and all copies of documents produced in discovery and designated by the producing party as confidential or shall certify that such documents have been destroyed.  All other materials, memoranda or documents embodying materials and documents constituting confidential information not returned shall continue to be held subject to the terms of this Protective Order.

    9.    This Protective Order shall be binding upon the parties, their attorneys, agents, employees, representatives, successors and assigns.

    10.    Nothing in this Protective Order shall be construed to limit the use of information obtained by lawful means or from sources other than this litigation.

11.     Any inadvertent inclusion of any privileged material shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind.  However, the disclosure of any particular material shall cease to be "inadvertent" if, five working days after the receiving party notifies the producing party that it has received the material, the producing party does not request the return of the privileged matter pursuant to paragraph 12 below.

12.     The parties shall return any privileged material inadvertently disclosed immediately upon notice of the disclosure and no use will be made of the inadvertently disclosed privileged materials.

13.     No copies will be made of the inadvertently disclosed materials.

14.     The parties have the right to challenge the privileged nature of material inadvertently disclosed.

DATED this _____ day of March 2008.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge